IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DRANSON PHAM**                                                              **PLAINTIFF**

**vs.**                                                       **CIVIL ACTION: 1:14cv12-HSO-RHW**

**HONG VAN NGUYEN, et al.**                                    **DEFENDANTS**

**ORDER SANCTIONING PLAINTIFF FOR FAILURE TO SHOW CAUSE**

This matter is before the Court upon consideration of Plaintiff Dranson Pham's response to the Court's February 11, 2016, Order [52] to Show Cause. Status Report [54]. That Order directed Plaintiff to show cause why this case should not be dismissed for Plaintiff's failure to prosecute. Order [52]. For the following reasons, the Court finds that Plaintiff has not shown good cause for his delay in prosecuting this case and accordingly imposes sanctions against Plaintiff personally.

I. BACKGROUND

Plaintiff Dranson Pham initiated this breach of contract action on January 10, 2014. This case is set for pretrial conference on March 22, 2016, and a jury trial on April 4, 2016. The docket reflects that after six months of inactivity in the case, on January 12, 2016, the Court noticed a telephone conference for January 14, 2016, but on January 13, 2016, Plaintiff's counsel moved to withdraw. The Court denied the motion to withdraw in light of the upcoming trial date. Order [51]. At a telephone conference held on January 27, 2016, Plaintiff's counsel informed the Court that they had been unable to locate or contact Plaintiff for over four months.

On February 11, 2016, after Plaintiff's counsel reported that they were still unable to contact Plaintiff, the Court ordered Plaintiff to show cause in writing why this case should not be dismissed for his failure to prosecute. Plaintiff's response to the Order to Show Cause [52] was due by March 2, 2016.

On the show cause deadline of March 2, 2016, Plaintiff's counsel filed a Status Report [54] explaining that Plaintiff had contacted counsel and that Plaintiff had not responded to his counsel's letters and would have been unable to attend any settlement conference that the Court attempted to schedule because he was in Vietnam from December 9, 2015, until February 21, 2016, due to the alleged death of his brother. Plaintiff submitted evidence of his international travel in the form of copies of airline tickets, Ex. A [54-1], but has not submitted any documentation of his brother's death. Nor has Plaintiff attempted to explain by argument or citation to legal authority how or why this event and his unilateral decision to engage in international travel excuse his failure to communicate with his attorneys or pursue his lawsuit, or why this case should not be dismissed for Plaintiff's failure to prosecute. Before the filing of the Status Report, Plaintiff's last contact with his own counsel was on October 25, 2015, some six weeks before he left the country. Status Report [54], at 1.

## II.  DISCUSSION

The Court finds that Plaintiff has not offered a valid excuse for his failure to contact his own attorney in this matter for over five months or otherwise pursue this case, which is now a few weeks from trial.

2

A.     Legal Standard

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure, and under the Court's inherent authority to dismiss the action sua sponte. *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629–30.

A court should dismiss a case for failure to prosecute when "the history of a particular case discloses both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). In determining whether Plaintiff's conduct here evidences a sufficient pattern of "delay or contumacious conduct," the Court looks "for proof of one of the following 'aggravating factors'—(1) the plaintiff's personal contribution to the delay, (2) the defendant's actual prejudice because of the delay, and (3) delay that can be characterized as intentional." *Id.*

B.     Analysis

All three of the "aggravating factors" warranting dismissal for failure to prosecute are present in this case. *See id.* First, Plaintiff is personally responsible

for the delay by unilaterally engaging in overseas travel without advising his counsel or the Court, which resulted in the Court's inability to schedule settlement conferences or otherwise move the case forward during the Court's status conferences held on January 14, 2016, and February 11, 2016. Second, Defendants have been prejudiced by not having the benefit of being able to engage in meaningful settlement discussions or otherwise attempting to resolve the case, and being unable to prepare for an impending trial. Third, Plaintiff's failure to contact his attorneys was intentional. There is no evidence that Plaintiff was held against his will in Vietnam or otherwise prevented from making contact with his attorneys or the Court because of his travel.

Moreover, that Plaintiff offers his travel as the only excuse for his inactivity and failure to communicate amounts to contumacious conduct. Plaintiff's response, filed on the deadline of the Show Cause Order, indicates that his last contact with his attorneys was on October 25, 2015. Mr. Pham's excuse is that he was out of the country, but he did not leave the country until December 9, 2015. Also, Plaintiff returned to the country on February 21, 2016, but did not contact his counsel or the Court until March 2, 2016, with the pretrial conference less than three weeks away. These actions are sufficient for a finding of delay or contumacious conduct.

Before ordering dismissal, however, the Court is of the view that it should consider whether "a lesser sanction would not better serve the best interests of justice." *McNeal*, 842 F.2d at 790. The Fifth Circuit has suggested that

4

"[a]ssessments of fines, costs, or damages against the plaintiff or his counsel . . . and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Rogers v. Kroger Co.*, 669 F.2d 317, 321–22 (5th Cir. 1982); *see also Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984) (remanding for express findings concerning whether the plaintiff had the ability to pay a fine as an alternative to dismissal).  The Court will therefore impose a fine upon Plaintiff himself personally, and afford Mr. Pham the opportunity to pay a fine as an alternative to dismissal.

Plaintiff's Amended Complaint states that the "total sum due Mr. Pham exceeds $80,000.00." Am. Compl. [6], at 3.  The Court finds that a fine of one percent of this amount, $800.00, payable to the registry of the Court by March 11, 2016, is an appropriate sanction as an alternative to dismissal.  Further, given the extent and length of Plaintiff's overseas travel, the Court finds that Mr. Pham has the resources to pay a fine in this amount.

Plaintiff's delay and contumacious conduct has wasted judicial resources and sufficiently inconvenienced and delayed all counsel and the Defendants in this litigation, such that the Court finds a monetary sanction is necessary to prevent further abuse and misuse of judicial resources.  If Plaintiff Dranson Pham does not tender the full amount of the fine to the Clerk of Court by 5:00 p.m. Central Standard Time (CST) on Friday, March 11, 2016, the Court will dismiss this action for Plaintiff's failure to prosecute and to obey the Court's orders.

5

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Dranson Pham, on or before 5:00 p.m. CST on Friday, March 11, 2016, **shall pay a fine of $800.00 into the registry of this Court by way of certified check or money order made out to the Clerk of the United States District Court**.  The fine shall be delivered to the Clerk at the following address: United States District Court, 2012 15th St. Suite 403, Gulfport, MS 39501.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that **if the full amount of the fine is not received by the Clerk of Court by 5:00 p.m. CST on Friday, March 11, 2016, this case may be dismissed with prejudice without further notice to Plaintiff**.

**SO ORDERED AND ADJUDGED**, this the 4th day of March, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE